UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WYNN,<br><br>Plaintiff,<br><br>v.<br><br>NACCO MATERIALS HANDLING GROUP, INC. and YALE MATERIALS HANDLING GROUP, INC.,<br><br>Defendants. | Case No. 10-cv-534-JPG |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defect in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Steven Wynn:

• **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must *affirmatively allege* the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  Wynn has not alleged the specific states of incorporation and principal place of business of either defendant.

The Court hereby **ORDERS** that plaintiff Wynn shall have up to and including July 30, 2010, to amend the faulty pleading to correct the jurisdictional defect.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff Wynn is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  July 21, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**